UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER BOR, an individual; A.B., a minor by and through her GUARDIAN AD LITEM CHERYL GREEN; J.B., a minor by and through her GUARDIAN AD LITEM CHERYL GREEN; N.B., a minor by and through her GUARDIAN AD LITEM CHERYL GREEM,<br><br>Plaintiffs,<br>v.<br><br>PPC WSSC LLC, a Delaware Limited Liability Corporation dba WATERSTONE AT SANTA CLARA; AMERICAN MANAGEMENT SERVICES CALIFORNIA, INC., a Washington Corporation dba PINNACLE, and DOES 1 THRU 10, INCLUSIVE,<br><br>Defendants. | Case No.: 11-cv-03430-LHK<br><br>ORDER GRANTING PETITION TO APPROVE MINORS' COMPROMISES<br><br>(dkt. #59) |

Cheryl Green, as guardian *ad litem* for minor Plaintiffs A.B., J.B., and N.B., filed the instant Petition to Confirm Minor's Compromise in this housing discrimination case on April 9, 2012. *See* ECF No. 59 ("Petition"). The Petition is unopposed, and the Court finds the Petition appropriate for determination without oral argument. *See* Civil L.R. 7-1(b). Having reviewed the Petition, and for the reasons discussed below, the Court finds the proposed settlement fair and reasonable and in the best interests of the minor Plaintiffs, and accordingly GRANTS the Petition.

**I.    BACKGROUND**

1

1   Plaintiffs Jennifer Bor, along with minors A.B., J.B., and N.B., represented by their guardian *ad litem* Cheryl Green (collectively "Plaintiffs"), brought this action against Defendants PPC WSSC LLC dba Waterstone Apartments at Santa Clara ("PPC"); American Management Services California, Inc. dba Pinnacle ("AMS"), and Does 1 through 10 (collectively "Defendants"), for alleged violations of: (1) the federal Fair Housing Act, 42 U.S.C. § 3604(b); (2) the California Fair Employment and Housing Act, Cal. Gov't Code § 12955; (3) the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, and (4) state tort law. *See* ECF No. 8, First Am. Compl. ("FAC"), ¶¶ 26-35.

According to Plaintiffs' FAC, Plaintiffs were subject to discriminatory housing practices based on their familial status during their tenancy at Waterstone Apartments ("Waterstone"), a Santa Clara apartment complex owned by PPC and managed by AMS. FAC ¶¶ 5-6, 12-21. Plaintiffs allege that Defendants enforced rules at Waterstone between November 2010 and at least May 2011 that unfairly targeted children. *See id.* ¶¶ 12-21. For example, Defendants prohibited the use of bicycles, skateboards, scooters, and rollerblades throughout Waterstone. *Id.* ¶ 13. Defendants also enforced a policy requiring all children at Waterstone under the age of 14 to be supervised at all times. *Id.* ¶¶ 14-17, 19. For example, on one occasion, A.B., then 11-years-old, and J.B., then 7-years-0old, were playing with other children in the common areas of the apartment complex. Waterstone's resident manager allegedly told A.B. and J.B. that they had to follow the resident manager back to their apartment unit. When A.B. and J.B. refused, the manager went to Plaintiffs' unit and informed Ms. Bor that children could not play in the common areas absent supervision due to complaints from other residents. *Id.* ¶¶ 16-17. Plaintiffs complained about these policies, and believe that their rent was unlawfully increased in retaliation for doing so. *See id.* ¶¶ 18, 20. Plaintiffs allege that as a result of Defendants' unlawful acts and practices, Plaintiffs have suffered "loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and severe emotional distress and physical injury, humiliation and mental anguish . . . ." *Id.* ¶ 22. However, none of the children required any medical or psychiatric treatment for the injuries they allegedly sustained. Decl. of Jennifer Bor

("Bor Decl."), ¶ 4. Plaintiffs sought declaratory and injunctive relief, as well as actual and statutory damages. FAC at 10-11.

Plaintiffs filed this action in federal district court on July 13, 2011. *See* ECF No. 1. After Defendants filed their Answers to the FAC, *see* ECF Nos. 20 (PPC), 33 (AMS), the parties participated in Court-ordered mediation before the Hon. Ellen James (Ret.) on April 5, 2012, and agreed to settle the case in full. *See* Pet. at 2; Decl. of Cheryl Green ("Green Decl."), ¶¶ 3-4; Decl. of Craig P. Fagan ("Fagan Decl."), ¶ 2. At the conclusion of the mediation session, the parties entered into a settlement agreement, the terms of which include payment of $10,000 to be divided between the three minors as follows: (1) $6,500 to 12-year-old A.B.; (2) $2,500 to 7-year-old J.B.; and (3) $1,000 to 3-year-old N.B. Pet. at 2. The parties subsequently filed a Notice of Settlement of all claims, advising the Court of their intent to file a stipulation of dismissal of the entire action. *See* ECF No. 57. Because the settlement compromises the interests of minors A.B., J.B., and N.B. (collectively "Minor Plaintiffs"), Guardian Ad Litem Cheryl Green filed the instant petition for approval of minor's compromise.

## II.  LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims,[1] district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

### III. DISCUSSION

As part of the settlement agreement, Defendants have not only agreed to pay Minor Plaintiffs a total of $10,000, but have also agreed to revise the contested rules (prohibiting certain activities and requiring supervision of children at all times) that gave rise to this lawsuit. 12-year-old A.B. will receive a net recovery of $6,500; 7-year-old J.B. will receive a net recovery of $2,500; and 3-year-old N.B. will receive a net recovery of $1,000. None of the Minor Plaintiffs required any medical or psychiatric treatment for the injuries they allegedly sustained. Bor Decl. ¶ 4.

The Petition identifies several similar fair housing cases involving claims of discrimination on the basis of familial status. For example, in *Angstman v. Carlsbad Seapointe Resort*, No. 11cv62 L(WMc) (S.D. Cal. Aug. 30, 2011), the court approved of a compromise of $750 to each minor child in a case where children had been subjected to similarly discriminatory rules at a timeshare resort. *See* Pet. Ex. 1. In *Gonzalez v. Diversified Real Property Management and Business Services, Inc.*, No. SACV09-718 PA (RNBx) (C.D. Cal. Mar. 29, 2010), another case

---

[1] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n.2. Plaintiffs here brought their claims under both federal and state law, and the terms of the proposed settlement are not claim-specific. Thus, in the absence of clear authority directing the Court to do otherwise, the Court follows the Ninth Circuit's guidance in reviewing the reasonableness of the settlement as a whole.

4

Case No.: 11-cv-03430-LHK
ORDER GRANTING PETITION TO APPROVE MINORS' COMPROMISES

involving similar facts, where children were allegedly prohibited from playing in the common areas at an apartment complex, the court approved of a compromise of $2,500 to each child. *See id.* Ex. 2.

The Court finds that *Angstman* and *Gonzalez* involved similar facts to those presented in this case, and that the amounts approved in those cases provide helpful benchmarks for assessing the fairness and reasonableness of the amounts offered in compromise here. Here, although A.B., J.B., and N.B. allegedly suffered injuries as a result of Defendants' discriminatory policies, the purported harm they suffered was emotional and psychological, not physical, and moreover none of them required treatment. Thus, there is no need for concern that the Minor Plaintiffs' medical needs will go unattended. Furthermore, the Court finds that it is fair and reasonable to allocate a greater portion of the settlement award to A.B., the oldest of the three children, than to J.B., and to allocate a greater portion of the award to J.B., the second oldest, than to N.B. The facts as alleged show that A.B. and J.B. were more directly subject to the discriminatory acts and practices enforced by Defendants at Waterstone, given that they were expressly told they could not play in common areas without adult supervision. Furthermore, because A.B. and J.B. are older than N.B., it is reasonable to infer that they were more severely impacted by Defendants' policies prohibiting bicycle riding and other recreational activities.

Accordingly, applying the standard set forth in *Robidoux*, the Court finds that the net recovery of $6,500 to A.B., $2,500 to J.B., and $1,000 to N.B. is fair and reasonable in light of the specific facts of their case, their specific claims, and recovery in similar fair housing cases involving familial status discrimination. *See Robidoux*, 638 F.3d at 1182. The Court therefore GRANTS the Petition for Approval of the Minors' Compromises.

### IV. CONCLUSION

Based on the forgoing, Guardian Ad Litem Cheryl Green's Petition to Approve Compromise of the Claims of Minor Plaintiffs A.B., J.B., and N.B. is GRANTED. The Court incorporates the following provisions of the Proposed Order, as modified to protect the confidentiality of the minors:

(1) The petition is granted, and the compromise is approved. The minor plaintiffs shall receive the following by way of settlement: (i) $6,500 to A.B.; (ii) $2,500 to J.B.; and (iii) $1,000 to N.B.

(2) Within 72 hours of receipt of a check payable to the order of the Petitioner as trustee for the respective Claimants, Petitioner must deposit the checks in blocked accounts at a federally insured bank or credit union.

(3) Petitioner must deliver to each depository at the time of deposit a copy of this order.

(4) The blocked accounts belong to minors A.B., J.B., and N.B.

(5) No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

(6) The Petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

(7) Bond is waived.

The parties shall file their stipulation of dismissal of the entire case with prejudice by April 27, 2012, or if unable to do so, a joint case management statement pursuant to Civil Local Rule 16-10(d) explaining why. Unless and until the parties' stipulation of dismissal is filed, the May 2, 2012 case management conference remains as set.

**IT IS SO ORDERED.**

Dated: April 25, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge